circuit court, the judgment of the criminal court was affirmed, and that the defendant pay a fine of fifty dollars and costs.

MATTINGLY (UNITED STATES v.). See Case No. 15,743.

## Case No. 9,296.

### Ex parte MATTISON.

[Cited in Electoral College of South Carolina, Case No. 4,336. Nowhere reported; opinion not now accessible.]

MATTISON (RICHARDSON v.). See Case No. 11,790.

## Case No. 9,297.

### MATTISON v. WALKER.

[1 Biss. 62.] [1]

Circuit Court S. D. Illinois. July Term, 1854.

LAND GRANT—AUDITOR'S DEED—EJECTMENT—EVIDENCE.

1. An auditor's deed is prima facie good, and is a title deducible of record within the meaning of section 2, c. 66, Rev. St. Ill.

2. When coupled with seven years' possession and payment of taxes, it is sufficient to protect a party who can connect himself with it.

At law.

Mr. Williams, for plaintiff.
Mr. Browning, for defendant.

McLEAN, Circuit Judge. This is an action of ejectment, brought to recover the southeast quarter of section 14, 2 north, 5 west, in Adams county, patented to William Purdy, the 18th of November, 1837. Purdy and wife conveyed the same to Schuyler and Mattison, 1 June, 1852. This was plaintiff's title; possession of defendant was admitted. The defendant claimed under a deed from E. C. Merry, auditor of the state of Illinois, to Robert H. Peebles, dated February 2, 1830, sale made the 14th of January, 1820, for the tax of 1827.

This proceeding was under the law of 1827. A deed from Peebles to Tillson was given in evidence, dated 27 June, 1830, recorded December 6th, 1830. Tillson conveyed to Russel Nevers, September 7th, 1830, recorded June 11th, 1831, and through mesne conveyances by a deed to Walker, the defendant, dated September 9th, 1847, under a contract of purchase, dated January 7th, 1840. The execution and delivery of this deed was proved, and also, that the defendant had been in the possession of the premises seven years, under his deed, before this suit was commenced. Tax receipts admitted.

The 11th section of the act of March 3d, 1845, that "no person who has or may have

any right of entry into any lands, tenements, or hereditaments, of which any person may be possessed by actual residence thereon, having a connected title in law or equity, deducible of record, from this state or the United States, or from any public officer or other person authorized by the laws of this state to sell such lands for nonpayment of taxes, or from any sheriff, marshal, or other person authorized to sell such land on execution, or under any order, judgment, or decree of any court of record, shall make any entry therein, except within seven years from the time of such possession being taken; but when the possessor shall acquire such title after the time of taking such possession, the limitation shall begin to run from the time of acquiring title."

In the case of Irving v. Brownell, 11 Ill. 402, the court held that the auditor's deed to land, made in pursuance of a sale of land for taxes, under the law of 1827, will not show a complete title in a party without proof that the prerequisites of the law have been complied with.

The words "claim and color of title made in good faith," under the law of 1839, mean such a title as, tested by itself, would appear to be a good prima facie title; such a title, connected with seven years' actual possession and payment of taxes becomes invincible.

An auditor's deed is a title deducible of record under the law of 1835, and is sufficient to protect a party who can connect himself with it and show that he has been possessed of the premises by actual residence under such title, for seven years. That the facts bring this case within the 11th section of the above act, seems to be undoubted. His possession is protected, whether we regard the deed under which the defendant claims immediately, or the deed of the auditor under which he claims remotely. They are both prima facie good upon their face. The possession for seven years being proved, and also the payment of taxes during that period, this, as I suppose, gives a clear title, or at least, defense, under the statute and the decision of the supreme court, above cited.

The statute of limitation was intended to aid defective titles;—not a title defective upon its face, but a title prima facie good upon its face, under which the defendant entered in good faith, and continued to occupy the land the term of time required. Judgment for defendant.

NOTE. As to validity of auditor's deed, consult Vance v. Schuyler, 1 Gilman, 160; Thompson v. Schuyler, 2 Gilman, 272; Hill v. Leonard, 4 Scam. 140; Irving v. Brownell, 11 Ill. 402; Messinger v. Germain, 1 Gilman, 631; Wiley v. Bean, Id. 302; Graves v. Bruen, 11 Ill. 431; Tibbetts v. Job, Id. 453; Schuyler v. Hull, Id. 462; Woodward v. Blanchard, 16 Ill. 425.

MATTOCK (UNITED STATES v.). See Case No. 15,744.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]